USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/25/2020

# BakerHostetler

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Amanda L. Van Hoose Garofalo
direct dial: 212.589.4610
agarofalo@bakerlaw.com

February 24, 2020

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:    *Victor Lopez and On Behalf of All Other Persons Similarly Situated v. Darden Restaurants, Inc. d/b/a LongHorn Steakhouse*; Case No. 1:19-cv-09888-LGS

Dear Judge Schofield:

We represent Darden Restaurants, Inc. d/b/a LongHorn Steakhouse ("Defendant" in the above-referenced matter. Pursuant to Section III.C.2 of Your Honor's Individual Rules and Procedures for Civil Cases, we respectfully submit the following basis for Defendant's proposed Motion to Dismiss the First Amended Complaint and a proposed briefing schedule.

## General Factual Background

This disability discrimination case, which is one of over 248 identical cases filed in the federal courts in New York since October 2019, asserts claims arising out of Plaintiff's alleged inability to purchase a gift card related to Defendant's physical restaurant locations because Plaintiff is visually impaired, and Defendant does not presently offer gift cards containing Braille. Plaintiff claims this inability violates his rights under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181 *et seq*., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq*., and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8-101, *et seq*. Among other things, Plaintiff seeks injunctive relief requiring Defendant to "design, implement, distribute and sell store gift cards . . . that may include Braille writing that identifies the name of the merchant and the denomination of the gift card (if the gift card has a specified denomination)," and also "convey other pertinent and statutorily required information contained on all of . . . Defendant's store gift cards such as terms of use, expiration dates, fees, a toll-free telephone number, ability to ascertain gift card balance, etc." (Amend. Compl. ¶ 55). Despite taking a second bite at the apple,

the Amended Complaint, still contains numerous deficiencies that warrant dismissal under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

**Mr. Lopez's Disability Discrimination Claims Should Be Dismissed Under Rule 12(b)(6)**

For starters, the Amended Complaint still does not put Defendant on notice of Mr. Lopez's specific claims. Instead, the Amended Complaint suggests that Defendant's gift cards are services, goods, and places of public accommodation, access barriers exist on Defendant's gift cards, and Defendant has failed to offer a suitable auxiliary aid to ensure effective communication, all of which are treated differently under Title III and have different applicable law. Defendant, therefore, cannot properly respond to Mr. Lopez's allegations or prepare a defense. Nevertheless, it is abundantly clear, based on both the Amended Complaint and applicable law, that under any of the foregoing theories, Plaintiff cannot prevail. First, gift cards are goods, which Defendant need not alter under Title III. *See, e.g.*, 28 C.F.R § 36.307(a) (Title III does not require a public accommodation to "alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities"); *McNeil v. Time Ins. Co.*, 205 F.3d 179, 187–88 (5th Cir. 2000) (Title III does not require the owner of a public accommodation to "modify or alter the goods and services that it offers in order to avoid violating Title III"); DOJ Technical Assistance Manual III-4.2500 (providing examples of special goods, including local bookstore that customarily stocks only regular print versions of books is not required to expand its inventory to include large print or audio books).

Second, to the extent the Amended Complaint contends gift cards are a service and that Defendant fails to provide an auxiliary aid to ensure effective communication, Plaintiff's claim also fails. Not only does he wholly fail to present any allegations even suggesting that a gift card is a service, the ADA does not require Defendant to use Braille as an auxiliary aid. While a public accommodation must furnish appropriate auxiliary aids and services to ensure effective communication, the type of auxiliary aid will vary in accordance with the individual, the communication, and the context of the communication, and the ultimate decision "as to what measures to take rests with the public accommodation, provided that the method chosen results in effective communication." 28 C.F.R. § 36.303(c)(1)(ii). "For example, a restaurant would not be required to provide menus in Braille for patrons who are blind, if the waiters in the restaurant are made available to read the menu." 28 C.F.R. § Pt. 36, App. C. Likewise, Title III does not require Defendant to provide store gift cards containing Braille if other auxiliary aids would provide effective communication. The Amended Complaint does not plausibly suggest, however, that Defendant refused to provide an effective auxiliary aid, much less that Mr. Lopez even informed Defendant that he needed an auxiliary aid or requested an auxiliary aid. Nor does the Amended Complaint plausibly suggest there are no other auxiliary aids Defendant could possibly provide that would provide effective communication.[1]

---

[1] Mr. Lopez's disability discrimination claims under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") would fail for the same reasons set forth herein because disability

Third, to the extent Plaintiff's claim is that Defendant has denied him access to its good and services because the lack of Brailled gift cards prevents him from visiting Defendant's locations, Plaintiff's claim also fails. The Amended Complaint provides little more than the cursory allegation that the alleged inaccessibility of Defendant's store gift card deters Mr. Lopez from visiting Defendant's brick-and-mortar locations. Notably, Mr. Lopez does not suggest why he needs a store gift card to visit Defendant's brick-and-mortar locations when cash, credit cards, and debit cards would all permit Mr. Lopez to visit and enjoy the services provided by Defendant. Additionally, although Mr. Lopez claims he cannot independently access the information on the gift card, the ADA does not require an individual to be able to independently access information. Mr. Lopez's allegations amount to nothing more than a recitation of language straight from Title III, which does not satisfy the pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (mere recitation of elements of cause of action will not suffice).

Fourth, to the extent the Amended Complaint suggests Defendant's gift cards contain access barriers, Plaintiff's claim fails. The requirement to remove communication access barriers applies to barriers that are structural in nature and does not require the provision of communication devices. *See* 28 C.F.R. § 36.304; 28 C.F.R. Pt. 36 Appx. C.

Finally, to the extent the Amended Complaint attempts to categorize gift cards themselves as "places of public accommodation," not only does such categorization defy logic, it cannot be squared with the statutory text. *See* 42 U.S.C. § 12181(7) (listing twelve categories of private entities that are considered public accommodations). For all the foregoing reasons, the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### Mr. Lopez's Claims Should Be Dismissed Under Rule 12(b)(1)

Those deficiencies aside, Mr. Lopez also lacks standing to bring Title III claims against Defendant. The Amended Complaint does not plausibly suggest Mr. Lopez was prevented from visiting Defendant's brick-and-mortar locations, or that Mr. Lopez intends to visit Defendant's brick and mortar locations in the future. *See Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013) (plaintiff seeking injunctive relief must show identified injury presents a "real and immediate threat of repeated injury"); *Small v. Gen. Nutrition Cos.*, 388 F. Supp. 2d 83, 86 (E.D.N.Y. 2005) (plaintiff seeking injunctive relief must show plausible intention to return to place but for access barriers; intent to return to place of injury "some day" is insufficient). Rather, Mr. Lopez simply says he intends to purchase a gift card in the future and use it at Defendant's restaurant. Simply, the Amended Complaint falls woefully short of demonstrating that Mr. Lopez has standing to seek injunctive relief. As such, his claim for injunctive relief should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).[2]

---

claims under such laws are governed by the same legal standards as federal Title III claims. *See Giambattista v. Am. Airlines*, 584 F. App'x 23, 26 (2d Cir. 2014).

[2] Mr. Lopez's NYSHRL and NYCHRL claims should also be dismissed because such claims are governed by the same standing requirements as Title III. *See Mendez v. Apple, Inc.*, No. 18-cv-7550, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019).

Accordingly, Defendant respectfully requests permission to file a motion to dismiss on the bases outlined above. If such request is granted, Defendant respectfully requests the Court adopt the following proposed briefing schedule: Defendant to file its moving papers on or before March 16, 2020; Plaintiff's opposition to be filed by April 6, 2020; Defendant's reply due by April 27, 2020.

Respectfully submitted,

*/s/ Amanda L. Van Hoose Garofalo*
Amanda L. Van Hoose Garofalo

Defendant's request to file a motion to dismiss the First Amended Complaint is GRANTED. Defendant shall file the motion to dismiss and accompanying memorandum of law by March 16, 2020. Plaintiff shall file its Opposition by April 6, 2020. Defendant shall file its Reply by April 27, 2020.

The Clerk of Court is respectfully directed to close Docket Nos. 24 and 21.

SO ORDERED

Dated: February 25, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE