```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
VICTOR LOPEZ, and on behalf of all other                     :   19 Civ. 9888 (LGS)
persons similarly situated,                                  :
                                                             :   OPINION AND ORDER
                                        Plaintiff,           :
                                                             :
                     -against-                               :
                                                             :
DARDEN RESTAURANTS, INC. d/b/a                               :
LONGHORN STEAKHOUSE,                                         :
                                        Defendant.           :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Victor Lopez, who is legally blind and proficient at reading braille, alleges that Defendant Darden Restaurants, Inc. d/b/a Longhorn Steakhouse has violated Title III of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law and the New York City Human Rights Law, due to Defendant's failure to offer braille gift cards. Defendant has filed a motion to dismiss the First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

On June 17, 2020, this Court granted the defendant's motion to dismiss in *Dominguez v. Taco Bell Corp,* 19 Civ. 10172, 2020 WL 3263258 (S.D.N.Y. June 17, 2020) (the "*Taco Bell* Opinion"). *Taco Bell* and this matter are identical in almost every respect; the First Amended Complaints in both actions raise the same facts and allegations, and the plaintiffs in both actions have filed nearly identical submissions in opposition to the motion. For the reasons below, which are substantially the same as the reasons in the *Taco Bell* Opinion, Defendant's motion to dismiss is granted.

The parties are referred to the alleged facts in the First Amended Complaint, which are assumed true for purposes of this motion. *See Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir.

2019).  The facts in the First Amended Complaint here are word-for-word identical to the facts in the plaintiff's First Amended Complaint in *Taco Bell Corp.*, except that the parties' names and information are different, and the date Plaintiff telephoned Defendant's customer service is different.  The parties are also referred to the *Taco Bell* Opinion for the legal standards and for a more developed discussion of the legal analysis.

## I.   DISCUSSION

### A.  Standing

In the *Taco Bell* Opinion, the Court held that the plaintiff had standing to sue at this stage in the litigation.  *Taco Bell, Corp.*, 2020 WL 3263258, at *2-3.  Nothing about the allegations in this case requires a different conclusion.  The First Amended Complaint satisfies the past injury requirement by alleging that Plaintiff encountered a barrier when he requested and was denied a braille gift card and was not offered any auxiliary aid.  It satisfies the second standing requirement based on the employee's alleged statement that Defendant does not sell braille gift cards, *i.e.*, that Defendant is not in the practice of selling braille gift cards.  Finally, the First Amended Complaint pleads Plaintiff's intent to return by stating that Plaintiff has been a customer of Defendant "on prior occasions and intends to immediately purchase at least one store gift card from Defendant as soon as the Defendant sells store gift cards that are accessible to the blind."  Nothing about the parties or the circumstances makes these allegations, without more, implausible.  *Compare id.* at 2-3 *with Dominguez v. Banana Republic, LLC*, 19 Civ. 10171, 2020 WL 1950496, at *3-4 (S.D.N.Y. Apr. 23, 2020). As in *Taco Bell Corp.*, this is sufficient to confer standing at this stage in the instant case.

### B. Sufficiency of the Complaint

The *Taco Bell* Opinion held that the defendant has no duty to offer braille gift cards under Title III of the ADA as a matter of law. *Taco Bell, Corp.*, 2020 WL 3263258, at 3-5. The *Taco Bell* Opinion also held that, although the defendant is required to ensure that its gift cards are accessible, the complaint in that case did not sufficiently plead that the defendant lacked auxiliary aids and services to do so. *Id*. at 5-6. Nothing about this case requires a different conclusion.

The ADA explicitly requires a place of public accommodation, like Defendant, to modify its "policies, practices or procedures" so that its goods and services are available to disabled persons. 42 U.S.C. § 12182(b)(2)(A)(ii). The ADA does not require the entity to modify the goods or services it provides. *See Banana Republic, LLC*, 2020 WL 1950496, at *6 ("[A] plain reading of [the] text makes clear that Title III prohibits a place of public accommodation from discriminating on the basis of disability when providing *access to* whatever goods and services [are] ordinarily provided . . . ."). The relevant regulation and related Department of Justice commentary confirm that an entity is not required to alter its inventory to include accessible or special goods. *See* 28 C.F.R. § 36.307(a); 28 C.F.R. Pt. 36, App. C § 36.307. Plaintiff's discrimination claim fails because Defendant's gift cards are goods -- inventory that Defendant sells. Defendant therefore has no duty under the ADA to modify its gift cards and provide them in braille.

Defendant's gift cards are not themselves a place of public accommodation, as Plaintiff suggests. Even though the ADA is a remedial statute which must be broadly construed, *see Mary Jo C. v. New York State & Local Ret. Sys.*, 707 F.3d 144, 160 (2d Cir. 2013), finding that a gift card is a place of public accommodation is a stretch. The ADA "enumerates 12 categories of

'private entities' that 'are considered public accommodations.'" *Lopez v. Jet Blue Airways*, 662 F.3d 593, 599 (2d Cir. 2011) (quoting 42 U.S.C. § 12181(7)(A)-(L)).  The list describes various types of facilities that provide goods or services, including sales or rental establishments. Nothing on the list even remotely resembles a gift card.

Finally, the First Amended Complaint alleges that, without an auxiliary aid or service, Plaintiff cannot ascertain important gift card information, such as the balance, the card's terms and conditions or its unique identification number.  The First Amended Complaint also states that without an auxiliary aid or service, Plaintiff cannot distinguish between Defendant's gift cards and those issued by other stores.  This information is "necessary to ensure that [Plaintiff] . . . [is not] treated differently than other individuals."  42 U.S.C. § 12182(b)(2)(A)(iii).

Nevertheless, the First Amended Complaint insufficiently pleads facts showing that Defendant failed to offer an auxiliary aid or service to ensure that the information on its gift cards is accessible.  The First Amended Complaint alleges only that Plaintiff asked whether Defendant sells gift cards with braille.  The First Amended Complaint does not allege any conversation between Plaintiff and the Defendant employee about the availability or unavailability of other auxiliary aids or services for the gift cards.  The First Amended Complaint's assertion that "[u]pon information and belief, Defendant does not offer auxiliary aids with respect to . . . gift cards" is also insufficient because it is conclusory and unsupported by any allegations of fact.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### C.  State Law Claims and Request to Replead

The Court declines to exercise supplemental jurisdiction over the state law claims.  *See Wright v. Musanti*, 887 F.3d 577, 582 n.2 (2d Cir. 2018).  "'[I]n the usual case in which all

federal-law claims are eliminated before trial,' the balance of factors will weigh in favor of declining to exercise supplemental jurisdiction." *TPTCC NY, Inc. v. Radiation Therapy Servs., Inc.*, 453 F. App'x 105, 107 (2d Cir. 2011) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  Because this case is in its infancy, exercising supplemental jurisdiction over the remaining claims is inappropriate.

Leave to amend should be freely given when justice so requires.  Fed. R. Civ. P. 15(a). "[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999).  The First Amended Complaint is dismissed, but Plaintiff may seek leave to replead within 14 days of the date of this Opinion.  Plaintiff shall file a letter explaining how a Second Amended Complaint ("SAC") would state a claim consistent with this Opinion.  The SAC may not replead that Defendant must offer braille gift cards.  The SAC may seek to plead additional facts to show that Defendant does not furnish auxiliary aids or services that ensure that the information on its gift cards is effectively communicated to blind persons.  Should Plaintiff seek to replead he shall append to the letter motion a draft of the proposed SAC marked to show changes from the FAC.

## II.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.  Plaintiff's letter requesting to file a SAC is due on July 2, 2020.  If Plaintiff does not timely file the letter, the Court will enter final judgment of dismissal and direct the Clerk of Court to close this case.  The Clerk of Court is respectfully directed to close docket no. 33.

Dated: June 18, 2020
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE